Our third case for this morning is Rosado v. Billy Gonzalez. Mr. Angelini. Thank you. May it please the court, I'm 55 years old, I still get a little nervous doing this. This is an important case for Mr. Rosado and I think the issue is whether there was any significance at all to this dash cam video. Whether there was any significance at all to withholding this dash cam video for a lengthy period of time. And whether the withholding of this dash cam video acted as an act of misleading the appellant that his civil rights were violated. So I'll tell you what bothers me most about your position, maybe you can address it. It's the fact that after the video is disclosed to him, there are still seven months between that time and when the two year statute that Illinois imposes in general, which you agree with, is over. So seven months, when you're in the realm of technical doctrine, equitable tolling, equitable estoppel, is a pretty long time. And the district court found long enough for him to lodge a case in this matter. So you need to tell me why that seven months doesn't do your appeal. Sure, you have to understand the gentleman was found, there was no probable cause to stop the vehicle. The trial court, the underlying trial court and the state court case found that the police officer lied on the stand and the video clearly showed this. Now here's a gentleman who's getting out of jail and albeit he does have seven months, I think it's what reasonable diligence would be of a person in his circumstances as to whether he acted with diligence in filing his claim. So you're not arguing, I take it, that a full two years is available after the video is released? No, I don't believe so. I think that the equitable tolling would only require him. And if you look at the Cata case, they said there's a requirement that strikes the proper balance between the innocent defendant and the innocent plaintiff. I'm sorry, is there anything else in the record other than, I mean in that case it would be very destructive for anybody's life to be wrongfully imprisoned for that length of time in jail. But seven months is still a long time, is there any evidence of any other kind of impediment other than just he's upset that this event happened to him? Well I'll look at it in terms of how long it took the police officers to produce the video. So if we're looking at reasonable and we're striking that balance between what's reasonable. Because I think that the period of time under which the police had the video, the dash cam video, they knew they were going to lie. They had the video that showed they were going to lie and they in fact lied. And they didn't produce that video for 17 months. Why would we find that to be reasonable? Isn't it reasonable to say that the period of time that should be told is the time from when they arrested him until the time period in which they produced the video. Why would you require more of Mark Rosato than you require of these police officers who specifically would hold this piece of information. Actively misled him into not thinking that he possibly had this civil rights violation. And then charge him a higher standard to act more reasonably and quicker than the state did. So my argument is that the period that should be excluded or added on to the statute of limitations is that period between the time of the arrest and the time that they produced this video. Do you think Jason has used that measure of time? My recollection, for what it's worth, is that in assessing the equitable tolling doctrines, you look to see whether the statute of limitations itself is sufficiently long. That's one of the reasons it's not 10 minutes. It's two years, or it's four years, or it's 10 years. Because we understand it takes people a little while to do the research and to understand that they may have a cause of action. We don't want people to just fly off and file a lawsuit at the drop of a hat. So I'm just not familiar with any case that has looked at the length of time the defendant is wrongdoing, so to speak, as something that then gets plugged in for what's a reasonable tolling of years. Sure, and I think it's diligence, and he has to show diligence. And I think that's what equitable tolling is all about. Because in a normal situation, such as the Wallace case, the plaintiff or the appellant knew that he hadn't… Talking about different doctrines. I understand. Equitable tolling is a totally different doctrine from equitable tolling. I understand. You were asked a question about tolling. You gave an answer about estoppel. Okay. Well, the equitable tolling would give him a certain amount of time within which to file the cause of action. The estoppel is what allows him to file it, allows him the additional time. You were asked a question about estoppel. It was squarely rejected in Conda v. Baxter County. And, of course, your opponent's brief were not about Conda. Do you have any response? Well, you know, I think that this particular situation, there was… No. Yeah. Conda establishes a legal principle. This is your opportunity to talk about the legal principle of Conda. Correct. Do you have anything to say on Conda? And I quote from Coda that there's an equitable… The equitable tolling requires diligence on the part of the opponent. It's not tolling. That's tolling. I'm trying to ask about estoppel at the moment. Correct. Your position on estoppel seems to be squarely incompatible with Conda. Can you explain why, in your view, the two can live together? Because in this particular situation… You can't say in this particular case. You need to tell me something about Conda. Well, Conda didn't stand for the proposition that this intentional act in a criminal case of withholding information, how that could not actively or isn't an active, you know, denial of somebody's rights under the civil rights. That squarely holds that the denial by the defendant of liability, the denial by the defendant even of having done the things to plan a fledge, does not extend the time limitations. Because if it did, every time you filed a complaint and the defendant, in its answer, denied liability, that would abolish the statute of limitations. So denying liability, making a misrepresentation, that is, there are statutes of limitations even in fraud cases. I understand. Right? That's the whole thing with Conda. You're just not grappling with it. Well, I think the issue in Conda is, was this further evidence, was this denial or this withholding of the dash cam video, was this just evidence, further evidence, that Mr. Rosato had a good motion to suppress? And that has… That's exactly what the city is arguing. They're saying that he knew whether he activated the blinker. What he doesn't know is whether the light was out, or whether the police could see that. But the city characterizes that as just additional evidence. He could have filed it saying, you know, I know I was activating my blinker, whatever caused him to think it was done. And your position, as I understand it, Mr. Chairman, that this is actually all about whether it was visible from behind the car, not whether he thought he did it. But Conda is looking for affirmative misconduct. It's looking for something more than just, no, we didn't. And we need to find, you know, we didn't do it. We need to find that. So that's why this is so important. Well, I think from the appellant's perspective, that it isn't just a fact that him knowing about this video, or the police officer's perspective, would give him a better defense or a better affirmation in the motion to suppress. It was that the police officers actively did something that would deny his ability to understand that he had a civil rights claim or potential civil rights claim. Let me try to give you a Supreme Court case. Somebody goes to a physician and is prescribed a drug. He then suffers, he then becomes deaf after he takes that drug. And he goes back to the physician and asks the physician, is there any relation between the drug you prescribed to me and my deafness? And the physician says, no, not at all. And later, he calls the suit and says, the physician was lying. It was completely wrong. There was a relation. When does the statute of limitations start running? It starts to run when he knew or reasonably should have known. Two years from the date he knew or should have known. That was the holding of the Third Circuit. The Supreme Court reversed that and denied it. The Supreme Court said the statute of limitations runs from the date of the injury, and that's that. You don't have to know that he was negligent or fraudulent. All you have to know is that he was injured. That's the holding of the United States against Kubrick. Okay. In the Illinois courts, it's from two years from the date he knew or should have known. I am going on my own here. A date of accrual in a 1983 case is determined by federal law. That's one of the holdings of the law, so it's Kato. Correct. So Kubrick is a determining case here. And I know this is not a job that's discussed too much. Well, I think the issue is, in this particular situation, was there any significance to withholding this tape, and that that was an active effort to deny him the ability to know that his civil rights— Kubrick was expressly denied by the law. Right? And the debate, as it finally happened, was, well, what was the real cause? The Supreme Court said, no, you waited too long. You can't wait until the defendant rolls over and plays dead. But I think that in Kubrick— We're going to have to wrap up at this point, so unless there's anything for this group. Okay. Thank you. Thank you. May it please the Court. Your Honors, Mr. Rosado has conceded that the two-year statute of limitations ran before he filed this lawsuit. He tries to avoid the consequences of that by invoking equitable estoppel and equitable tolling, but he does not satisfy the requirements for either doctrine. In our brief, we discussed all the requirements for both doctrines, but this morning I intend to focus primarily on one, that the plaintiff act diligently in bringing the lawsuit once the impediment to filing has been lifted. In this case, Mr. Rosado has everything that even he thinks he needed to file suit before the statute of limitations ran. For that reason, he could have filed this lawsuit on time, and he's not entitled to rely on these equitable doctrines to extend his limitations, period. More specifically, Mr. Rosado's relying on the release of the videotape, but he had that in his possession in February of 2014, which was seven months before the statute of limitations ran in September of 2014. Mr. Rosado, even then, did not file his lawsuit. Instead, he waited seven more months until the end of April of 2015 to bring this lawsuit. In other words, he waited 14 months in total after he had the video in his possession. Equitable estoppel and equitable tolling do not permit a plaintiff to wait over a year to bring a lawsuit when it's possible to file the lawsuit within the statute of limitations. So your point has to be, even if the kind of misconduct that would lead to equitable estoppel were present, you still have the diligence requirement. Correct. That's what you said. Absolutely, Your Honor. That's our position. Moreover, Your Honor was asking whether there were any other circumstances after he came out of jail, and he's had the opportunity to put forward any circumstances in front of the district court. He did not do that. He's had the opportunity in his briefing before this court and today, and he has not put forward any additional circumstances that would excuse his lack of diligence. So we believe that diligence, the lack of diligence, defeats that he could have filed suit within the seven months that remained on the limitations period, but moreover, that he had seven months after that before he actually filed suit, and there's no excuse for waiting an entire year. He was out of jail for a year before he filed his lawsuit. So do you think the question of diligence is the kind of factual determination for which we would defer to the district court's assessment, or do you think we take a fresh look at that? I think it's something that should be presented to the district court, and if it's not presented to the district court, then I think the plaintiff has a waiver problem. But it was here. Judge Palmer discusses the diligence point. He seems to be racist. Correct, Your Honor. I just meant if there was something else that he did not already present, then that would be something that he should have presented to the district court. In this case, the district court considered that he had the video from April when he was released until September when the statute ran. The judge considered that as a factor in possibly extending the limitations period and rejected that. It's not an error. There is no reason for the district court, for this court, to take a fresh look at that, but it wasn't an error in any event. In any event, he didn't even need the video. Waiting for the video didn't make a difference because he knew the minute that he was arrested that he had not committed the underlying failure to put on his turn signal. The city's theory has to be that he's the guy who's driving, and he knows whether you're inside the car, and this is just better evidence. Now, he says, well, the driver inside the car might think that he's activating the turn signal, but we don't know whether it's actually visible to the police that you've got an observer, either the police video or some other observer who says, yes, I saw a light blinking. What about that? Well, Your Honor, it's not necessary for... The only thing that's necessary for the plaintiff to be able to file the suit is the plaintiff's knowledge that he was injured and the plaintiff's knowledge of who committed the wrongdoing. He knew what he needed to file the lawsuit. He didn't need to know what was in the officer's head. It's not the officer's head. I mean, if the officer's had... Suppose he's hypothetical. Suppose he moves the lever inside the driver's area of the car, but the car actually isn't working properly, and so the police don't see anything, and the police stop the car on failure to use the turn signal traffic violation. Surely the police have probable cause to stop that car. They don't see a turn signal, right? So there wouldn't have been anything like this problem if that had been a set of facts. He couldn't have sued them because probable cause wouldn't have supported the stop. There are a whole lot of things that would have unraveled if his state of affairs was the correct one. So that's why I'm asking at which point you would jump into the story, basically. Because he's saying if the turn signal wasn't visible to an outside observer, then the police and objective police officers, I don't mean if they're subjective perceptions, any objective person would say, oh, here, they're making a turn without a turn signal, we can stop them. Mr. Rosado was not entitled to wait to have the evidence he needed to prove that he was right. It was enough that he believed that he had put on his turn signal and that he had not committed any minor traffic violation. Now maybe it would turn out at the end, at the trial, that his proof would fail. His version of events versus the officer's version of events, he might not have succeeded, he might not have won, but that does not delay the running of the statute of limitations. That doesn't delay accrual. His version is actually a version of the, you know, he's arguing that he didn't discover he was injured. That would delay accrual, but he's conceded that his claim accrued, the statute of limitations began running, so now we're in the realm of what's required to toll the running of that, and he's claiming he needed the video. He didn't need the video to file this lawsuit, and he certainly didn't need the video to, because he had the video in his possession, he had seven more months after he got the video, even if he did need the video, he still didn't bring his suit within the doctrine's requirements, and that goes for both doctrines, but with respect to equitable estoppel, he also fails to meet an additional requirement, and that is that he relied on something affirmative that the defendant officers did that prevented him from filing suit, and he's claiming his story is the opposite. He's claiming not that he knew about that the defendants were withholding this video, and he relied on it as the reason why he delayed bringing his lawsuit. He's claiming he never knew about the video, and that just doesn't fit within the requirements of equitable estoppel under this court's decisions, including CADA. Unless there are further questions, we respectfully ask this court to affirm the district court's judgment. Thank you, Your Honors. Mr. Angelini, your time has expired. If you have one more minute, we thank you. Thank you for that additional minute, Judge. I don't think that every case where there's a finding of no probable cause gives rise to a civil rights action. I think this case is a little bit different in the fact that we believe that this withholding of the video was an active misleading of Mr. Rosato, that he had a civil rights violation or a potential civil rights violation. I think if you look at the way that the police officers acted and the state acted in withholding this video, and you look how long it took Mr. Rosato to file from that period of time, that his action was reasonably diligent in filing his lawsuit. Thank you very much. Thanks to all counsel. Thank you.